**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| BRENDA HASENZAHL, individually and on behalf of all others similarly situated, | § | Civil Action No. 5:26-cv-05735 |
| | § | CLASS ACTION |
| Plaintiff, | § | JURY TRIAL DEMANDED |
| v. | § | |
| THE HERTZ CORPORATION and IDSCAN.NET, INC., | § | |
| Defendants. | § | |

# CLASS ACTION COMPLAINT

## NATURE OF THE ACTION

1. Plaintiff Brenda Hasenzahl brings this action against The Hertz Corporation ("Hertz") for personal injuries caused by its alleged intentional intrusion upon her seclusion and private affairs, and against IDScan.net, Inc. ("IDScan") for its alleged negligent handling of her driver's-license information. Hertz and IDScan are referred to collectively as "Defendants." She asserts separate claims based on each company's own conduct.

2. The claim against Hertz concerns its alleged capture, transmission, and post-rental retention of detailed license images without Hasenzahl's authorization. The claim against IDScan concerns its alleged failure to use reasonable care to protect information in its custody from unauthorized acquisition. Plaintiff alleges the facts concerning her own conduct from personal knowledge and other matters on information and belief based on counsel's investigation, rental records, and the sources identified below.

3. Hertz took various steps to identify renters and check their licenses. Hasenzahl objected when Hertz required her license to be scanned at its San Antonio airport counter. Her intrusion

claim concerns the scope and circumstances of the alleged image collection and retention, independently of a subsequent theft.

4. IDScan is a provider of identity-verification software and ID-scanning services for businesses, including vehicle-rental businesses. Public reporting in September 2026 described a marketplace called Nexus offering driver's-license records, linked specific records to Hertz rentals, and identified IDScan as a suspected source. The reporting and the allegations connecting Hasenzahl to that incident are set out below.

## PARTIES

5. Plaintiff Brenda Hasenzahl resides in Tarrant County, Texas, and is a citizen of Texas. She presented a Texas driver's license during the San Antonio rental described below.

6. Defendant The Hertz Corporation is incorporated in Delaware and maintains its principal place of business in Estero, Florida. It is a citizen of Delaware and Florida. The San Antonio airport rental receipt identifies The Hertz Corporation as the renting company.

7. Defendant IDScan.net, Inc. is incorporated in Delaware and, on information and belief, maintains its principal place of business in New Orleans, Louisiana. It is a citizen of Delaware and Louisiana. Delaware records identify IDScan as a domestic corporation, and its public contact page identifies its United States headquarters in New Orleans.

## JURISDICTION AND VENUE

8. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(d)(2). Minimal diversity exists because Hasenzahl is a Texas citizen and neither Defendant is a Texas citizen.

9. On information and belief, the proposed classes collectively include at least 100 distinct individuals, and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest

and costs, without counting any individual's same loss more than once. The amount includes compensatory relief and the value of equitable relief to the extent properly included.

10. The population and amount allegations rest on the alleged scale of the relevant collection and storage practices, the reported unauthorized acquisition of driver's-license records, and the resulting privacy injuries and reasonable protective losses of affected persons. Defendants' transaction, storage, and incident records will identify the relevant populations more precisely.

11. The mandatory local-controversy and home-state exceptions do not apply on the facts alleged because neither Defendant is a citizen of Texas.

12. This Court has specific personal jurisdiction over Hertz because Hertz operated the San Antonio rental location and obtained and scanned Hasenzahl's license there. Her claim against Hertz arises directly from those activities.

13. On information and belief, IDScan purposefully provided identity-verification and image-storage services for Hertz's San Antonio airport location and knowingly received license-image data originating from that Texas location, including Hasenzahl's record. Her claim against IDScan arises from its handling and protection of the information received through those services.

14. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this District: Hasenzahl presented her license and Hertz scanned it at San Antonio International Airport in Bexar County. The alleged resulting transmission to IDScan is part of the same processing sequence. The San Antonio Division is appropriate under 28 U.S.C. § 124(d)(4).

15. Joinder is proper under Federal Rule of Civil Procedure 20(a)(2) because the claims arise from the same series of transactions involving Hasenzahl's license record and present common factual questions about its capture, transmission, custody, and handling. Each Defendant is charged with its own conduct as alleged in the applicable count.

## HASENZAHL AND HER LICENSE SCANS

16. Hasenzahl rented a vehicle from The Hertz Corporation at San Antonio International Airport on May 26, 2026, and returned it on May 28, 2026. The receipt identifies a rental agreement ending in 8452, a reservation number ending in 98C5, and a location number ending in 2011, and records a total charge of approximately $515.

17. Before the scan at the San Antonio counter, Hasenzahl told the Hertz representative that she did not want her license scanned. At the time, Hasenzahl understood that Hertz already had her license number and expiration date on file. She was surprised by the request to scan her license and objected because she believed the scan was unnecessary and was concerned about collection and storage of additional personal data. She asked whether the scan was necessary. The representative told her it was. Hasenzahl again questioned whether scanning was necessary for her reservation. The representative again told her it was. Hertz then scanned her license in her presence.

18. At the counter, the representative did not tell Hasenzahl that images of her license would be transmitted or retained after the rental. Hasenzahl also reports license scanning during other Hertz rentals made in 2026.

19. Hasenzahl understood the stated purpose of the scan to be verification of her identity and license for the current rental. She did not understand that a reusable image of her license would

be stored after the rental. Had that additional collection and retention been disclosed, she likely would have declined to complete the rental on those terms.

20. On information and belief, the San Antonio scan created at least one readable image of Hasenzahl's driver's license, which Hertz transmitted to IDScan and which remained stored after her rental ended. The image contained her photograph and identifying information displayed on the credential.

## HERTZ'S IMAGE COLLECTION AND RETENTION

21. A driver's license contains identifying information including a photograph, residential address, birth date, license number, and signature. Creation and storage of a readable image preserve the credential in a reusable form. The presentation of a credential for a transaction does not, by itself, resolve the scope of authorization for every form of later copying, storage, or disclosure.

22. IDScan markets products for vehicle-rental businesses that can save identification-document images, maintain scan logs, and export information. It also markets hardware with ultraviolet and infrared imaging. These descriptions establish available capabilities, not that any particular imaging spectrum was used for Hasenzahl.[1]

23. IDScan's Trust Center describes configurable collection and retention, including options to retain no personal information or selected fields, anonymize information, or delete it after a specified period. It describes settings that may differ by location or device. The actual practices relevant to Hasenzahl are alleged separately below.

---

1 IDScan.net, ID Scanning for Car Rental Companies & Dealerships, https://idscan.net/id-scanning-for-automotive/ (last visited September 5, 2026). See also IDScan.net Trust Center, Data Privacy, Data Into System, https://trust.idscan.net/?itemUid=cdd27c25-e3d5-4e48-acc5-6ebcedd63726 (last visited September 5, 2026).

24. On information and belief, Hertz selected or approved a workflow that created readable license images and retained them after completion of the rental. Hertz knew that the workflow preserved those images and implemented it at the San Antonio location where Hasenzahl's license was scanned.

25. On information and belief, the transaction disclosures supplied to Hasenzahl did not identify that readable images of her license would be stored after the rental. Hertz nevertheless caused the image collection and post-rental storage alleged here without obtaining her authorization for that additional handling.

26. Plaintiff challenges the alleged unauthorized acquisition and preservation of detailed license images. She does not seek deletion of information that applicable law requires a Defendant to retain. The challenged practices and requested relief distinguish those images from legally required rental-record fields.

**IDSCAN'S CUSTODY AND THE REPORTED INCIDENT**

27. On information and belief, IDScan received and stored the license image generated during Hasenzahl's San Antonio rental in an environment it operated or controlled. IDScan controlled safeguards governing access to and retrieval of that image, including account permissions and monitoring for unauthorized access.

28. On information and belief, IDScan knew the stored images identified individual renters and could be used to impersonate them. Those individuals could not administer IDScan's access controls or monitor the environment holding their records. Unauthorized acquisition of readable government credentials was a foreseeable risk of failing to use reasonable safeguards.

29. Brian Krebs reported on September 1, 2026 that Nexus advertised more than 153 million United States and Canadian driver's-license records. His own record contained timestamped license images. He described specific records and timing that corresponded with Hertz rentals, including rentals involving him, his mother, and researcher Larry Baldwin. The reporting identified IDScan as a suspected source and described an FBI inquiry; it did not conclusively establish the source. Krebs further reported that IDScan said it was investigating the matter and that he had sought comment from Hertz.[2]

30. The seller reportedly claimed continuing exfiltration for more than a year. Krebs reported that Nexus went offline after publication. These are attributed reports, not an allegation that every advertised record represents a distinct person or a Hertz customer.

31. On information and belief, an unauthorized third party obtained driver's-license images and associated identifying information from an environment operated or controlled by IDScan, and records from that environment were offered through Nexus. This unauthorized acquisition is referred to here as the "Data Breach."

32. On information and belief, Hasenzahl's license image and associated identifying information were among the records acquired without authorization in the Data Breach. This allegation concerns the image generated through the 2026 rental processing described above.

33. The alleged connection rests on Hasenzahl's scanning experiences, the reported Hertz timestamp matches, and the alleged processing relationship. The record-specific transmission, custody, and incident information needed to trace her image is principally held by Defendants

2 Brian Krebs, FBI Probes Service Selling 153M+ Drivers Licenses, KrebsOnSecurity (September 1, 2026, updated), https://krebsonsecurity.com/2026/09/fbi-probes-service-selling-153m-drivers-licenses/ (last visited September 5, 2026).

and their service providers. Plaintiff alleges those matters on information and belief rather than as events she personally observed.

34. On information and belief, IDScan failed to restrict access to the relevant stored images to authorized users and failed to detect and stop unauthorized retrieval within a reasonable time. Those deficiencies permitted acquisition of the records, including Hasenzahl's image, that reasonable access controls and monitoring would have prevented or limited.

**HASENZAHL'S INJURIES AND CONTINUING INTEREST**

35. Hasenzahl seeks relief against Hertz for the alleged completed intrusion into her private affairs through unauthorized image acquisition and preservation. She seeks relief against IDScan for the loss of confidentiality and resulting protective losses caused by the alleged unauthorized acquisition of information in its custody.

36. Since learning of reports that license images were being offered on the dark web and that her own images may have been retained and exposed, Hasenzahl has spent time reviewing her financial accounts and credit reports for unauthorized activity. She has experienced anxiety, concern, frustration, and fear about misuse of her license image, home address, and other identifying information.

37. Hasenzahl has spent at least one hour on that protective review in response to this incident. That time was uncompensated and did not consist of preparing this lawsuit.

38. Hasenzahl first learned of the reported incident through news reports. She spent time researching a credit-monitoring service in response to this incident. That time was uncompensated. In response to the reported incident, Hasenzahl purchased new identity-theft coverage at a cost of $6.95 per month. She paid the initial $6.95 premium out of pocket and has

not been reimbursed. Neither Hertz nor IDScan has offered her a credit-monitoring service in connection with this incident. As of September 5, 2026, she has received no direct notice from either Defendant that her driver's-license information was or may have been affected by the reported incident.

39. On information and belief, a copy of Hasenzahl's license image remains in IDScan's custody and subject to Hertz's retention instructions. Each Defendant can act within its own possession or control to restrict further processing and to delete a copy that is no longer lawfully required, while preserving relevant evidence for this action.

40. On information and belief, the access-control or monitoring deficiencies affecting the environment in which IDScan retains Hasenzahl's image have not been fully corrected. Continued retention in that environment exposes her existing record to further unauthorized acquisition.

## CLASS ALLEGATIONS

41. Plaintiff seeks certification under Federal Rule of Civil Procedure 23(a) and (b)(3) of the following classes and subclasses, with the claims against each Defendant identified separately.

42. Hertz Image Class: All natural persons residing in the United States whose driver's-license images were captured in connection with rentals at locations operated by The Hertz Corporation from two years before the filing of this action through the filing date, using a workflow that stored readable license images after the rental ended, and for whose transactions Hertz's supplied disclosures did not identify post-rental storage of those images. Plaintiff also proposes a Texas Transaction Subclass consisting of members whose relevant licenses were scanned in Texas. Count One is asserted for this class and subclass.

43. IDScan Breach Class: All natural persons residing in the United States whose driver's-license images or identifying information associated with those images were acquired without authorization in the Data Breach defined above. Plaintiff also proposes a Texas Transaction Subclass consisting of members whose relevant licenses were scanned in Texas and transmitted to IDScan. Count Two is asserted for this class and subclass.

44. Excluded are Defendants and their officers and directors; persons who unlawfully acquired or trafficked in the affected records; the assigned district judge and magistrate judge, their staff and immediate families; and persons who timely request exclusion from a certified damages class.

45. On information and belief, the relevant Hertz image-storage workflow was applied to a sufficiently numerous group of renters to make joinder impracticable. The IDScan environment affected by the Data Breach likewise held the records of a sufficiently numerous group of individuals to make joinder impracticable. Hasenzahl is a member of each proposed class and Texas Transaction Subclass.

46. Common questions for the Hertz class include what its relevant workflow captured and retained; the duration of retention; the content of the disclosures supplied for those transactions; Hertz's knowledge and control of the image processing; and whether that conduct constituted an intentional intrusion that was highly offensive to a reasonable person.

47. Common questions for the IDScan class include the affected environment and records; IDScan's custody and control; the reasonable safeguards required for those records; the access-control or monitoring failures alleged above; and whether those failures caused unauthorized acquisition and resulting compensable harm.

48. Plaintiff alleges that the relevant Hertz workflow and disclosures and the relevant IDScan security practices were materially common within the respective proposed classes. Her claims arise from those practices. Her Texas scan and the alleged resulting transmission supply her connection to the Texas Transaction Subclasses.

49. Hasenzahl will fairly and adequately represent the proposed classes and subclasses and has retained Brian Ferguson as counsel. She seeks adjudication of each Defendant's alleged conduct and legally available relief for the affected individuals. Counsel seeks appointment under Rule 23(g).

50. Plaintiff contends that common issues concerning each Defendant's practices predominate within the appropriate class or subclass. Damages must be tied to the injury and law governing each claim, with individual losses established as necessary and no duplicate recovery. If differences in applicable state law or transaction practices preclude nationwide treatment, Plaintiff requests appropriate narrowing, additional legally supported subclasses, or issue certification under Rule 23(c)(4).

51. Class treatment is superior where individual losses are modest relative to litigation costs and relevant technical evidence is concentrated in Defendants' records. Plaintiff also seeks relief under Rule 23(b)(2), limited to class members whose affected records remain within the relevant Defendant's possession or control and for whom the requested relief would redress an ongoing harm.

## COUNT ONE

## INTRUSION UPON SECLUSION AGAINST HERTZ

52. Plaintiff incorporates the preceding factual allegations concerning her transactions, Hertz's acquisition and retention practices, and her resulting injury. She asserts this count against The

Hertz Corporation individually and for the Hertz Image Class and its Texas Transaction Subclass. Hasenzahl asserts her claim under Texas law; the law applicable to other members is subject to the forum's choice-of-law analysis.

53. Hasenzahl had a reasonable expectation of privacy in her detailed license information beyond the disclosure involved in presenting the credential for rental verification. Hertz's alleged intentional creation and preservation of a reusable license-image record exceeded that limited disclosure and occurred without her authorization for the additional handling.

54. The intentional acts alleged are Hertz's selection or approval and implementation of the image-collection and retention workflow, and its resulting acquisition and preservation of Hasenzahl's image. This count concerns those acts by Hertz, not a theory that negligent security alone constitutes intentional intrusion.

55. The alleged intrusion was highly offensive to a reasonable person in context: it preserved a reusable government credential containing a photograph and identifying information; occurred after Hasenzahl objected to scanning; extended beyond the immediate transaction; and was not identified in the disclosures alleged above. The counter representative's repeated statements that scanning was necessary did not explain the additional image storage.

56. The alleged intrusion caused injury to Hasenzahl's privacy interests. She seeks compensatory damages for that injury and consequential harm attributable to Hertz's conduct, or nominal damages in the alternative to the extent permitted for an actionable intrusion. She seeks prospective relief against ongoing unauthorized retention within Hertz's possession or control, subject to preservation of relevant evidence.

## COUNT TWO

## NEGLIGENCE AGAINST IDSCAN

57. Plaintiff incorporates the preceding factual allegations concerning IDScan's receipt and custody of her information, the Data Breach, and her resulting injury. She asserts this count against IDScan.net, Inc. individually and for the IDScan Breach Class and its Texas Transaction Subclass. Hasenzahl asserts her claim under Texas law; the law applicable to other members is subject to the forum's choice-of-law analysis.

58. By receiving and maintaining sensitive identifying information in an environment it operated or controlled, IDScan owed the affected individuals a duty to exercise reasonable care in protecting that information against foreseeable unauthorized acquisition. This duty arises from IDScan's own conduct and control of the information and exists independently of enforcement of a rental or vendor contract.

59. Reasonable care required safeguards proportionate to the sensitivity and volume of the stored credentials, including reasonable restrictions on access and reasonable monitoring and response to unauthorized retrieval. IDScan had the ability to implement those safeguards in the environment alleged above; the individuals whose records were stored there did not.

60. IDScan breached that duty through the access-control and monitoring failures alleged above. Plaintiff alleges those failures as unreasonable conduct contributing to the Data Breach, not merely the fact that a third party committed a crime.

61. IDScan's failures were a substantial factor in permitting unauthorized acquisition of Hasenzahl's image and identifying information, and that acquisition would not have occurred in the manner alleged had IDScan exercised reasonable care. Unauthorized acquisition and misuse of stored government credentials were foreseeable consequences of those failures.

62. As a proximate result, Hasenzahl suffered loss of confidentiality of her information and incurred reasonable protective losses, including the protective time and identity-theft coverage expense described above. She seeks compensatory damages for losses legally recoverable on this count and attributable to IDScan's conduct, without duplicate recovery. She also seeks appropriate prospective relief addressing an ongoing security risk to records that remain within IDScan's possession or control.

**PRAYER FOR RELIEF**

63. Plaintiff requests certification of the appropriate classes, subclasses, or issues; appointment of class representatives and class counsel; and judgment against each Defendant on the claim asserted against that Defendant, as follows:

(a) Compensatory damages for legally recoverable injuries and proven losses caused by the relevant Defendant, without duplicate recovery;

(b) Nominal damages against Hertz in the alternative on Count One to the extent permitted by applicable law;

(c) Appropriate declaratory and injunctive relief requiring Hertz to end ongoing unauthorized image processing and retention within its possession or control, and requiring IDScan to correct the security deficiencies affecting retained class records within its possession or control;

(d) Deletion of affected license images no longer lawfully required, where warranted by the applicable claim and after preservation of relevant evidence, together with reasonable measures necessary to implement the ordered relief;

(e) Taxable costs and prejudgment and postjudgment interest as authorized by law; and

(f) Such other relief as the Court finds appropriate and legally available.

## JURY DEMAND

64. Plaintiff demands trial by jury on all issues so triable.

## DISCLOSURE OF GENERATIVE ARTIFICIAL INTELLIGENCE USE

Counsel used generative artificial intelligence tools, including OpenAI's Codex and Anthropic's Claude, in preparing this complaint. Counsel remains responsible for its contents under Federal Rule of Civil Procedure 11.

Dated: September 7, 2026
Respectfully submitted,
/s/ Brian Ferguson

Brian Ferguson
Texas State Bar No. 24049058
PO Box 302204
Austin, Texas 78703
Telephone: (925) 236-0209
Fax: None
Email: ecf@brianferguson.com

Attorney for Plaintiff and the proposed Classes